UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PITTSBURGH LOGISTICS SYSTEMS, INC.,
*a Pennsylvania Corporation*,

    Plaintiff,

v.     Case No. 8:18-cv-2487-TPB-TGW

FREIGHT TEC MANAGEMENT
GROUP, INC., d/b/a FREIGHT TEC,
*a Utah Corporation*,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    This matter is before the Court on Defendant Freight Tec Management Group, Inc.'s "Motion for Summary Judgment," filed on February 26, 2021. (Doc. 83). On March 26, 2021, Plaintiff Pittsburgh Logistics Systems, Inc. filed its response in opposition. (Docs. 87; 88; 94).[1] On May 11, 2021, Defendant filed a reply. (Doc. 101). On May 27, 2021, Plaintiff filed a supplemental memorandum in opposition. (Doc. 106). On June 3, 2021, Defendant filed a supplemental reply. (Doc. 107). Upon review of the motion, response, supplements, reply, record, and court file, the Court finds as follows:

---

[1] Doc. 94 consists of supplemental summary judgment evidence, including depositions transcripts and evidence. On May 13, 2021, the Court accepted the evidence as filed. (Doc. 103).

## Background

Plaintiff Pittsburgh Logistics Systems, Inc. provides transportation management, freight brokerage, and other third-party logistics services to customers throughout the United States, with its core business being freight brokerage. It essentially serves as a middleman by matching a customer that needs a load delivered with a carrier that is able to deliver the loads at the best price; Plaintiff accepts payment from the customer, pays the carrier, and keeps the difference as its profit. Plaintiff provides it employees with extensive training and a host of "proprietary business methods, procedures and information that have been confidentially developed over the course of many years at great cost that [Plaintiff] considers to be, and treats as, trade secrets." (Doc. 46 at 3). These trade secrets also include "information concerning customers and prospective customers, contact information, historical and current shipping rate and pricing information, shipping route or lane information and information concerning carriers." (*Id*.). As part of its business strategy, Plaintiff has its employees execute an employment agreement, which includes a confidentiality clause, a non-solicitation clause, and a non-competition clause.

Defendant Freight Tec Management Group, Inc. d/b/a/ Freight Tec is a direct competitor of Plaintiff and operates throughout the country. Defendant uses an agency model – rather than recruit, hire and train in-house employees, it seeks out experienced brokers to perform sales and dispatch functions (that is, taking the customer's order and finding a carrier), and Defendant provides office support

(including all accounting functions, collections, accounts receivable, accounts payable, invoicing, making payments to carriers, running software platforms, and claims facilitation).

In January 2013, Plaintiff hired Isaac Spragg as an employee; his employment agreement included confidentiality, non-solicitation, and non-competition clauses.  In October 2015, while still employed by Plaintiff, Spragg began discussions with Defendant about becoming a freight agent and moving customers to Defendant.  Although Spragg disclosed that he had a non-compete agreement, Defendant never asked him to provide a copy of the agreement. Spragg became a freight agent on October 30, 2015.  Spragg did not resign from Plaintiff until December 2, 2015.  Spragg worked with Defendant until March 2018.

In July 2014, Plaintiff hired Donald Wesley Dew as an employee; again, his employment agreement included confidentiality, non-solicitation, and non-competition clauses.  Plaintiff terminated Dew's employment, effective January 17, 2018.  Afterward, Dew became a freight agent with Defendant, and he solicited and transacted business with several of Plaintiff's customers.

Plaintiff asserts several claims for relief: (1) tortious interference with contractual and business relationships; (2) misappropriation of trade secrets; and (3) unjust enrichment.  Defendant seeks summary judgment, arguing that Plaintiff's claims fail as a matter of law.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

**Analysis**

*Count I – Tortious Interference*

Defendant moves for summary judgment on Count I, arguing that Plaintiff cannot establish a claim for tortious interference. "A claim for tortious interference with a contractual or business relationship consists of four elements: 1) the existence of a business relationship between the plaintiff and a third person, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal

rights, 2) the defendant's knowledge of the relationship, 3) an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform, and 4) damage to the plaintiff resulting from the third person's failure to perform." *See Coach Services, Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010).

<u>Tortious Interference with Business Relationships (Customers)</u>

Defendant first argues that Plaintiff has no protectible business interest in its relationships with its customers. Defendant additionally argues that Plaintiff cannot show any direct and intentional interference with those relationships. Under Florida law, a plaintiff can sue for tortious interference as long as there is an identifiable relationship with a specific customer and there is some expectation that an understanding or agreement would have been completed but for the defendant's interference. *See, e.g., id.*; *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821, 821 (Fla. 1996).

Plaintiff has provided evidence to show the existence of business relationships under which it had rights and Defendant's knowledge of those relationships. Furthermore, viewing the facts and evidence in light most favorable to Plaintiff, as the Court is required to do as this stage of the proceedings, there is a question of fact as to whether Defendant interfered with those relationships through the misappropriation of trade secrets. Defendant has not provided sufficient evidence to establish the competition privilege. The motion for summary judgment is denied as to this ground.

Tortious Interference with Contract (Employment Agreements)

Defendant next argues that Plaintiff cannot establish its tortious interference claims concerning interference with Spragg's and Dew's employment agreements – specifically, the non-compete provisions of these agreements. Considering the claim concerning Spragg, Plaintiff has pointed to record evidence to show that Defendant was aware of Spragg's non-compete agreement and of his and Plaintiff's relationships with certain customers. Plaintiff has also provided evidence that customers that worked with Spragg did substantial repeat business over the years, that their business dropped off considerably after Spragg departed, and that specific customers previously serviced by Spragg became customers of Defendant after Spragg became an agent with Defendant. The motion for summary judgment is denied as to this ground.

With regard to Dew, Defendant points to the deposition of Steve Van Otten, Defendant's president and chief executive officer, to argue that Dew was never employed or worked as an agent of Defendant. However, the question and response do not necessarily establish this fact.[2] Furthermore, Plaintiff has pointed to some record evidence to show a possible agency relationship between Dew and Defendant.[3] The motion for summary judgment is denied as to this ground.

---

[2] Q: Do you know Donald Dew, D-E-W
 A: It doesn't ring a bell.
[3] Dew (also known as Don Wesley) was identified by Defendant as an employee of one of their agents. The record shows that he used Defendant's computer system, had an email address associated with Defendant, secured higher credit limits for his customers, and handled claims. At minimum, there are disputed issues of fact as to the existence and extent of this possible agency relationship.

Defendant also argues that Plaintiff cannot establish a claim because the employment agreements at issue are not enforceable. It is not clear whether Pennsylvania's rulings on Plaintiff's non-compete provisions are relevant.[4] However, even if the employment agreements at issue were unenforceable under either Pennsylvania or Florida law, in Florida, a plaintiff may "maintain a cause of action against a third party for tortious interference in a contract even though [it] might not be able to enforce the underlying contract."[5] *Grupo Televisa, S.A. v. Telemundo Communications Group, Inc.*, 485 F.3d 1233, 1243 (11th Cir. 2007). The motion for summary judgment is denied as to this ground.

### *Count II – Misappropriation of Trade Secrets*

In Count II of the amended complaint, Plaintiff alleges that Defendant has improperly misappropriated its propriety information and trade secrets – namely, customer and carrier lists – in violation of the Florida Uniform Trade Secrets Act ("FUTSA"). Defendant moves for summary judgment, arguing that Plaintiff cannot show that any of the alleged trade secrets are anything other than information that resides in the public domain. Defendant additionally argues that an employer may

---

[4] The Pennsylvania appellate court, in litigation involving different employees, held that Plaintiff's non-compete agreements were unenforceable due to the worldwide geographic restriction, which violated Pennsylvania law. *See Pittsburgh Logistics Systems, Inc. v. Ceravolo*, No. 135 WDA 2017, 2017 WL 5451759 (Pa. Super. Ct. Nov. 14, 2017). This issue was not raised as an affirmative defense, and it was not argued in the motion for summary judgment – instead, the issue was brought up for the first time only in reply. In addition, Pennsylvania law, which required invalidation of the agreement, also conflicts with Florida law, which favors the enforcement of reasonable covenants not to compete and limits a court's ability to invalidate restrictions by requiring the court to instead modify the geographic restrictions.

[5] In the motion for summary judgment, Defendant cites only to Florida law. In its reply, Defendant asserts that the non-competition

not prevent a former employee from "utilizing contacts and expertise gained during his former employment."[6] *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998).

"Courts are extremely hesitant to grant summary judgment regarding the fact-intensive questions of the existence of a trade secret or whether a plaintiff took reasonable steps to protect its trade secrets." *Nephron Pharms. Corp. v. Hulsey*, No. 6:18-cv-1573-Orl-31LRH, 2020 WL 7684863, at *9 (M.D. Fla. Oct. 7, 2020), *report and recommendation adopted*, 2020 WL 7137992 (M.D. Fla. Dec. 7, 2020) (quoting *Furmanite America, Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1141 (M.D. Fla. 2007)). "Florida courts have routinely found customer lists to be trade secrets . . . when their compilation required 'great time and expense.'" *Castellano Cosmetic Surgery Center, P.A. v. Doyle*, No. 8:21-cv-1088-KKM-CPT, 2021 WL 3188432, at *5 (M.D. Fla. July 28, 2021).

Defendant has pointed to evidence to create a material issue of fact as to whether the customer and carrier lists constitute trade secrets. According to Defendant, it has compiled non-public information, including the identity of the customer's decision makers, the customer's freight delivery needs and timing requirements, the customer's load and rate history, and which of thousands of potential carriers are available to deliver the customer's loads at favorable rates. (Doc. 88-1 at ¶¶ 6-8). This information is maintained in a protected database with

---

[6] The argument that the information allegedly provided by Dew cannot constitute a trade secret because he was not employed by Defendant or an agent of Defendant is not well-taken – an employment relationship is not required to establish a misappropriation of trade secrets claim.

differing levels of access for employees, unique usernames and passwords that are changed on a regular basis, and restrictions on the ability to export or download data. (*Id.* at ¶ 9). Defendant also mandates confidentiality agreements, and upon an employee's departure, a search is performed to ensure the employee has not taken confidential information. (*Id.* at ¶ 10). Because there is an issue of fact regarding whether this information constitutes a trade secret, the motion for summary judgment is denied as to Count II.

### *Count III – Unjust Enrichment*

Defendant seeks summary judgment as to Count III, arguing that there is no evidence to show that Plaintiff conferred any benefit to Defendant, nor that Defendant had any knowledge thereof. "A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a 'contract' as a matter of law." *RxStategies, Inc. v. CVS Pharmacy, Inc.*, 390 F. Supp. 3d 1341, 1355 (M.D. Fla. 2019) (quoting *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999)). To establish a claim, the plaintiff must show: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[] to retain it without paying the value thereof." *Id.* (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)).

In this case, Plaintiff has put forth evidence to show that it conferred a benefit to Defendant – the proprietary information and trade secrets referenced in the amended complaint – and that Defendant voluntarily accepted and retained

that benefit by misappropriation. An unjust enrichment claim may proceed as an alternative to a misappropriation claim. *See, e.g.*, *id*. at 1355-56. However, the Court notes that the unjust enrichment claim may ultimately be preempted. *See, e.g.*, *id*.; *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 910 (M.D. Fla. 2007). The motion for summary judgment is denied as to Count III.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

**1.** Defendant's "Motion for Summary Judgment" (Doc. 83) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of August, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**